**GILKEY et al. v. SOUTHLAND LIFE INS. CO.**

**No. 3689.**

Court of Civil Appeals of Texas. Beaumont.

June 11, 1940.

Rehearing Denied June 26, 1940.

W. B. Pope and Post, McCord & Dillard, all of Dallas, for appellants.

Malone, Lipscomb, White & Seay, of Dallas, for appellee.

O'QUINN, Justice.

This suit was filed on April 5, 1939, in district court of Dallas county, by the surviving widow, sons, and daughters of Roy O. Gilkey, who died on January 10, 1935, to recover the amounts due on three certain policies of life insurance issued by appellee, Southland Life Insurance Company, on the life of the deceased and payable to his estate. Appellee answered by general demurrer, general denial, and

certain special defenses. On trial to the court without a jury, judgment was for appellee, from which plaintiff, Grady Gilkey, alone prosecuted his appeal to the Dallas Court of Civil Appeals. The case is on the docket of this court by order of transfer by the Supreme Court.

In support of his judgment, the trial court filed the following conclusions of fact:

"On February 17, 1923, the defendant issued to Roy O. Gilkey its Ordinary Life Policy No. 55306, in the amount of $1,-000.00 naming Nova Ellen Gilkey as beneficiary. Such policy of insurance provided that any indebtedness owing by the insured to the Company should be deducted from the proceeds of any settlement thereof.

"2. On November 15, 1926 the defenaant issued its Policy No. 90000 for $5,000.00 to Roy O. Gilkey upon the Ordinary Life Plan, naming the estate of the insured as beneficiary in consideration of the payment in advance of a premium of $160.75 and of a like premium on each November 15th in each succeeding year during the life of the insured. The policy provided that if any premium should not be paid when due, the policy should, subject to its terms, lapse and be of no further force or effect. The first premium due November 15, 1926 was paid. The second premium due November 15, 1927 was not paid in cash but the insured gave the defendant his unsecured note for $160.75 due October 15, 1928, which note was paid November 1, 1928. The premium due November 15, 1928 was not paid in cash, but the insured executed a lien note payable to the defendant for $160.75 due October 15, 1929. This note was not paid at maturity but was extended to November 14, 1929. When the premium due November 15, 1929, fell due, the defendant made a policy loan to the insured in the amount of $285.00, which was at that time the full cash loan value of this policy. The insured also paid $63.25 in cash. This total sum of $348.25 was used to pay the note of $160-.75 given for the 1928 premium, with interest thereon amounting to $9.65, and to pay the premium due November 15, 1929, in the amount of $160.75, and to pay advance interest upon said policy loan for one year in the amount of $17.-10. The entire cash surrender value of the policy was consumed by this transaction.

When the next premium fell due on November 15, 1930, the insured paid in cash another year's advance interest upon the policy loan above referred to, but did not pay the current premium in cash. He gave to the defendant his note in the amount of $160.75 due November 1, 1931. This note provided that failure to pay it when due would lapse the policy and that the amount owing to the defendant upon such note in such event would be the pro rata premium earned by the defendant for carrying such policy of insurance in full force from November 15, 1930, to the date of the lapse. This note was never paid. No further premiums on said policy were ever paid. On November 1, 1931, the defendant, by keeping such insurance in force from November 15, 1930 to November 1, 1931, had earned a premium of $57.34. To evidence this indebtedness, Roy O. Gilkey gave the defendant his promissory note in the amount of $57.34, maturing November 1, 1932. The maturity date of said $57.34 note was subsequently extended to November 1, 1933; later to August 30, 1934, and later to February 24, 1935. On February 4, 1935 there was due and unpaid upon this note in principal and accrued interest, the sum of $68.40. On November 1, 1931, the date on which said policy lapsed, there was no cash value thereunder to provide for any form of extended insurance.

"3. On November 23, 1927, the defendant issued its Policy No. 99367 for $5,-000.00 upon the Ordinary Life Plan to Roy O. Gilkey, naming the estate of the insured as beneficiary, in consideration of an advance premium of $168.35 and a like premium payable each November 23rd during the life of the insured, and providing that it, subject to its terms, should lapse if any premium be not paid when due. The first premium due November 23, 1927 was paid. The premium due November 23, 1928, was not paid in cash but the insured gave an unsecured note payable to the defendant for $168.35; due November 1, 1929, which was extended to November 22, 1929. This note had not been paid when the November 23, 1929, premium became due and to pay that note and the November 23, 1929, premium, the insured made a policy loan on Policy No. 99367 in the amount of $190.00, this being the full cash loan value of said policy at that time. The insured also paid $93.03 cash and used part

of a policy loan upon Policy No. 55306, amounting to $75.17 to keep this policy in force. From these two loans and cash payment totaling $358.20, the insured' paid the premium note given for the 1928 premium amounting to $168.35 of principal and $10.10 of accrued interest, and the premium due November 23, 1929, amounting to $168.35, and also advance interest upon such policy loan on Policy No. 99367 to November 23, 1930, amounting to $11.40 or a total of $358.20. This policy loan exhausted the cash value of this policy.

"The insured did not pay the premium due November 23, 1930 but gave an unsecured note for $168.35, payable November 1, 1931 in settlement thereof. This note provided that if it were not paid at maturity, the policy would lapse and that, the amount which would be due upon the note in such event would be the premium earned by the defendant for carrying such insurance in force from November 23, 1930, to the date of lapse. This note was never paid. As of November 1, 1931, the maturity date of said note, the defendant had earned a premium of $63.27 for carrying such insurance in force from November 23, 1930 to November 1, 1931. To evidence this indebtedness, Roy O. Gilkey gave the defendant his note in the amount of $63.27 due November 1, 1932. The maturity date of this note was extended to November 1, 1933; then to August 24, 1934; and still later to February 24, 1935. On February 4, 1935, the principal and accrued interest due on said note amounted to $75.58. No further premiums were ever paid on said policy. At the time of its lapse on November 1, 1931, there was no cash value in said policy to purchase any form of extended insurance.

4. On November 23, 1927 the defendant issued its Policy No. 99368 for $2,000.00 upon the Ordinary Life Plan, on the life of Roy O. Gilkey, naming as the beneficiary the estate of the insured. Such policy that it was issued in consideration of the payment in advance of the first year's premium of $67.34, and of the payment of a like sum on the 23rd day of each November thereafter throughout the life of the insured, and further provided that failure to pay any premium when due should, subject to its terms, lapse. The first premium due November 23, 1927 was paid. The second premium due November 23, 1928, was not paid in cash, but the insured gave to the defendant his unsecured note for $67.34 due November 1, 1929, and subsequently extended to November 22, 1929. Said note was not paid at maturity. When the November 23, 1929 premium became due the insured paid in cash the sum of $67.28 and made a policy loan upon Policy No. 99368 for its full cash value of $76.00. From this total of $143.28 was paid the note for the November 23, 1928, premium amounting to $67.34, with accrued interest of $4.04, the premium due November 23, 1929 in the amount of $67.34, and advance interest upon such policy loan to November 23, 1930, in the amount of $4.56, totalling $143.28. This policy loan exhausted the cash loan value of this policy. On or about November 23, 1930, the insured paid another year's advance interest upon the policy loan above mentioned amounting to $4.65, and another premium being due upon that date, he executed' and delivered to defendant an unsecured note in the amount of $67.34, due November 1, 1931. This note provided that failure to pay the same when due should lapse said policy, subject to its terms, and that the earned premium due this defendant for carrying said insurance in force up to the maturity date of said note should be the amount owing thereon. This note was never paid. On November 1, 1931, the date of lapse of the policy, the defendant, by carrying said policy of insurance in force from November 23, 1930 to November 1, 1931 had earned a pro rata premium of $25.10. To evidence this indebtedness Roy O. Gilkey executed and delivered to the defendant his note in the amount of $25.10 due November 1, 1932, bearing interest at the rate of 6% per annum. This note was extended to November 1, 1933; later to August 24, 1934; and still later to February 24, 1935. On February 4, 1935 there was due and owing on said note in principal and interest $29.99. No further premiums were ever paid on said policy. At the time of its lapse on November 1, 1931 there was no cash value in said policy to purchase any form of extended insurance.

"5. Roy O. Gilkey died on January 10, 1935. An administration upon his estate was commenced in the County Court of Kaufman County, Texas, shortly after his death.

"6. On or about February 4, 1935, the defendant's agent, one Frank B. Rhea, gave to the plaintiff, Nova Ellen Gilkey a draft of the defendant company in the amount of $658.78, in settlement of Policy No. 55306, and exhibited to the plaintiff, Nova Ellen Gilkey, a letter from the defendant company to the agent Rhea stating that from the face value of said policy of $1,000.00, plus unearned interest of 80¢, certain deductions were made, to-wit;

| | |
|---|---|
| Policy Loan | $130.12 |
| Premium Note | 35.91 |
| Interest on Note | 1.93 |
| Earned Portion Note on Policy 90000 | 66.97 |
| Interest on above note | 1.52 |
| Earned portion note on Policy No. 99367 | 73.91 |
| Interest on above note | 1.67 |
| Earned portion note on Policy 99368 | 29.33 |
| Interest on above note | .66 |
| Total | $342.02 |

Payment of $658.78, representing the difference between the face value of the policy and the total of said deductions was made to plaintiff, Nova Ellen Gilkey.

"7. This suit was filed April 5, 1939.

"8. No evidence was submitted to establish that the plaintiffs counstituted all of the heirs of the insured, Roy O. Gilkey."

The pleadings of the parties, both appellant and appellee, simply invoke the due application of the law to the facts found by the court.

On the issue of limitation plead by appellant, the court made the following conclusion of law: "Roy O. Gilkey died January 10, 1935, and this suit was filed April 5, 1939. There being nothing to suspend the running of the statute of limitations, any cause of action which the plaintiffs may have had has been barred by the four-year statute of limitations."

The facts assumed in this conclusion of law—that Roy O. Gilkey died January 10, 1935, that the suit was filed April 5, 1939, that there was nothing to suspend the running of the statute of limitations—all have support in the evidence. It follows that the court correctly concluded that appellant's cause of action was barred by the statute of four years, Vernon's Ann.Civ.St. art. 5527.

In his conclusions of law, the court found that policy No. 90000 lapsed November 1, 1931, "because of the failure of Roy O. Gilkey to pay the promissory note dated November 15, 1930, due November 1, 1931"; that policy No. 99367 lapsed November 1, 1931, "upon the failure of Roy O. Gilkey to pay the note due upon that date which had been given to defendant in settlement of the premium due upon said policy upon November 23, 1930"; that policy No. 99368 lapsed November 1, 1937, "upon the failure of Roy O. Gilkey to pay the promissory note due upon that date which had been given to defendant in lieu of payment of the premium due upon said policy on November 23, 1930."

The court also made the following conclusion of law: "Under the terms of Policy No. 55306, the defendant was entitled to deduct from the proceeds thereof all indebtedness owing by Roy O. Gilkey to the defendant including the indebtedness represented by the notes above mentioned which had been given for earned premiums on Policies Nos. 90000, 99367 and 99368. As such deductions were fully explained to the plaintiff, Nova Ellen Gilkey, by the defendant's agent, Frank B. Rhea, the plaintiffs were in no way deceived as to what deductions were made from such payment and why such deductions were made."

On the facts, the court made the following additional conclusion of law: "There is no pleading or proof to exempt this case from the general rule that suit upon a cause of action belonging to the estate of a decedent must be brought by the executor or administrator of such estate. The only evidence in this regard being that an administration was commenced, this is sufficient to negative the right of action claimed by the plaintiffs and to entitle the defendant to judgment."

While it is our conclusion that all these additional conclusions of law by the trial court have due support in the facts found, we pretermit their discussion. Since appellee plead the statute of limitations of four years, and since that issue was found in its favor by the trial court, which finding we have affirmed, it would serve no useful purpose to enter into a discussion of the other conclusions of law.

Appellant has assignments against the fact conclusions by the trial court. The

specific facts found and recited, as facts, were clearly established, if not by the uncontradicted testimony, at least they have satisfactory support. Appellant's assignments are directed primarily to the conclusions drawn by the trial court from the facts—especially as these facts relate to the execution of the premium notes and the application made by appellee of the proceeds of these notes. In so far as appellant attacks the conclusions of fact, his assignments of error are overruled. As above stated, in so far as his assignments invoke the legal construction of the facts, except as they relate to the issues of limitation, we pretermit their discussion.

Because the cause of action was barred by limitation, the judgment of the lower court is affirmed.

Affirmed.